```
                   UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: FELIX SANTANA CORDOVA AND    {  CHAPTER 13
       KRISTA RENEE CORDOVA,        {
                                    {
       DEBTOR(S)                    {  CASE NO. R22-40271-BEM
                                    {
                                    {  JUDGE
```

**OBJECTION TO CONFIRMATION**

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor(s)' payments under the proposed plan are not current.

2. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (70 months).

3. The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. § 1325(b)(1)(B).

4. Debtor Felix Cordova has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor(s)provide the Trustee with a sworn statement by the Debtor(s), in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

5. The Chapter 13 petition and schedules fail to disclose the Debtors interest in an LLC with business equipment and assets, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

6. Pursuant to information received at the meeting of creditors, 2021 tax returns for Debtor Felix Cordova have not been filed, in violation of 11 U.S.C. §§ 1308(a) and 1325(a)(9).

7. The Debtor(s)' budget fails to include expenses for property tax; thereby, rendering the proposed Chapter 13 plan payment infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

8. The Chapter 13 budget reflects a $640.00 per month and a $600.00 per month expense for two (2) vehicles being funded through the plan, expense amounts that may be excessive and unnecessary for the maintenance or support of the Debtor(s) or Debtor(s)' dependents in a composition Plan, in violation of 11 U.S.C. Section 1325(b)(2)(A).

9. The Debtor(s) have not filed a Chapter 13 statement of current monthly income and calculation of commitment period and disposable income as required by 11 U.S.C. § 1325(b)(3) and Fed. R. Bankr. P. 1007(b)(6).

10. The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition or to be paid in the plan, or both, in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

11. The proposed plan fails to provide for the treatment of 1st Heritage Credit and Republic Financial, LLC.  However, said creditors have filed secured claims.

12. The Debtor(s)' Chapter 13 plan, schedules, and/or Statement of Financial Affairs are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. §§ 1325(a)(3) and 1325(a)(7); specifically, the Debtors budget indicates the proposed Chapter 13 plan payment is not feasible.

13. The proposed Chapter 13 budget contains expenses that appear to be excessive and/or unnecessary for the support and maintenance of the Debtor(s) and Debtor's dependents while proposing a composition plan, in violation of 11 U.S.C. §§ 1325(b)(1)(B) and 1325(a)(3).

14. The payout of the claim owed to Peoples Loan & Finance Corporation will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

15. The above-styled case was filed originally as a Chapter 7 case; consequently, based on the aforesaid objections to confirmation, the Chapter 13 Trustee respectfully prays that the instant case be denied confirmation, and re-converted to a Chapter 7 proceeding, pursuant to 11 U.S.C. § 1307(c).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

R22-40271-BEM

**CERTIFICATE OF SERVICE**

    This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

FELIX SANTANA CORDOVA
3076 DOGWOOD VALLEY ROAD
TUNNEL HILL, GA 30755-7902

KRISTA RENEE CORDOVA
3076 DOGWOOD VALLEY ROAD
TUNNEL HILL, GA 30755-7902

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEGER & ASSOCIATES, LLC

This 1st day of December, 2022

                    /s/
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com